## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **SUSAN P. McNAMEE-MILLER**<br>4888 Hendron Road<br>Groveport, OH 43125, | : <br> : | CASE NO.<br><br>JUDGE |
| and | : | |
| **CODY M. McNAMEE**<br>4888 Hendron Road<br>Groveport, OH 43125 | :<br>:<br>: | |
| Plaintiffs, | : | |
| v. | : | |
| **HMD TRUCKING, INC.**<br>c/o Beery & Spurlock Co., LPA<br>5025 Arlington Centre Blvd, Suite 550<br>Columbus, OH 43220 | :<br>:<br>:<br>: | |
| and | : | |
| **BRAD D. COLES**<br>1004 Conway Road<br>Fredericksburg, VA 22405 | :<br>:<br>: | |
| Defendants. | : | |

## COMPLAINT

**NOW COMES** the Plaintiffs, Susan P. McNamee-Miller and Cody M. McNamee, mother and son, by counsel, Travis T. Mohler, who, for their Complaint, aver and allege the following:

## OVERVIEW

Susan McNamee-Miller suffered devastating brain injuries and her son, Cody McNamee, suffered serious spinal fractures with spinal cord compression as a result of a motor vehicle collision that occurred at approximately 6:56 p.m. on November 22, 2022 in Franklin County, Ohio. The collision was caused by Defendant Coles, who was acting within the course and

scope of his employment or agency with Defendant HMD Trucking, Inc. at the time of the collision.

Defendant HMD Trucking Inc. hired Defendant Brad D. Coles to transport goods via tractor-trailer on the public roadways. On the date of the subject collision, November 22, 2020, Defendant Coles was operating a 2020 Peterbilt Tractor-Trailer (the "Subject Tractor-Trailer") on Interstate 270 ("I-270") heading eastbound in the City of Columbus, Franklin County, Ohio. Mrs. McNamee-Miller was also driving eastbound on I-270 with her son, Cody McNamee, in the passenger seat. (collectively referred to as, "the McNamees"). As the McNamees were driving eastbound on I-270 in the rightmost lane of travel, a vehicle lost control in the exit lane and spun out beside them, forcing Ms. McNamee to apply her brakes to avoid becoming involved with the other vehicle. After Ms. McNamee applied her brakes to avoid the other vehicle, she was rear-ended by a tractor-trailer that was following behind her. When the McNamees were struck by the first tractor-trailer, their vehicle was pushed from the rightmost lane of travel to the center lane of travel. The first tractor-trailer came to a stop in the rightmost lane and partially in the center lane and applied its flashing hazard lights. Other bystanders in vehicles had also either stopped or slowed to a crawl and applied their flashing hazard lights on the left side of the McNamee vehicle.

The HMD Trucking tractor-trailer, driven by Defendant Cole, was also driving eastbound on I-270, but far behind the accident. Over thirty-five seconds after the first accident, the HMD Trucking tractor-trailer attempted to split the passenger vehicles on the left and the tractor-trailer on the right (with their hazard flashers activated) in excess of fifty-five (55) miles per hour. The first tractor-trailer was partially in the center lane in which the HMD Trucking tractor-trailer was driving. The HMD Trucking tractor-trailer collided with the rear of the McNamee vehicle as it

was sitting helplessly in the center lane of I-270 surrounded by other vehicles who had activated their warning flashers to warn oncoming vehicles of a hazard ahead. These warnings went unheeded by Defendant HMD Trucking, Inc. driver, Brad Cole, causing both Susan McNamee-Miller and her son, Cody McNamee, serious and permanent injuries.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Susan P. McNamee-Miller and Cody M. McNamee are residents of Groveport, Franklin County, Ohio.

2. Defendant HMD Trucking Inc. is a for-profit corporation organized under the laws of the State of Illinois. Defendant HMD Trucking Inc. conducts business, transports goods for-hire and caused tortious injury in the State of Ohio. Defendant HMD Trucking Inc. has designated Beery & Spurlock Co., LPA, 5025 Arlington Centre VLD, Suite 550, Columbus, Ohio 43220 as its agent for service of process in the State of Ohio under 49 C.F.R. § 366. Defendant HMD Trucking Inc. is an Interstate, for-hire motor carrier of general freight registered with the Federal Motor Carrier Safety Administration under USDOT No. 976560 and MC No. MC-415186.

3. Defendant Brad D. Coles is a resident and citizen of the State of Virginia and may be served with process at 1004 Conway Road, Fredericksburg, Virginia 22405. At the time of the subject collision, Defendant Coles was an agent or employee of Defendant HMD Trucking Inc. pursuant to Ohio law and § 390.5, 390.21, 376.11 and 376.12 of the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and was operating the Tractor-Trailer within the course and scope of this agency or employment.

4. The crash which gives rise to this Civil Action occurred on Interstate 270 eastbound in Franklin County, Ohio.

5. The claims set forth herein arose from the Defendants' transacting business in the State of Ohio and causing tortious injury in the State of Ohio, including, but not limited to, the claims arising out of the ownership, operation, or use of a motor vehicle in this state.

6. Therefore, the Court of Common Pleas of Franklin County, Ohio, has appropriate jurisdiction and venue over this Civil Action pursuant to Rules 3(C)(7) and 4.3 of the Ohio Rules of Civil Procedure.

## BACKGROUND FACTS

7. All allegations and statements contained above are incorporated by reference as if restated herein verbatim.

8. At all relevant times, Defendant HMD Trucking Inc. employed Defendant Coles to operate Defendant HMD Trucking Inc.'s large tractor-trailers to transport general freight on the public roadways in interstate commerce.

9. On the date of the subject crash, Defendant Coles was hauling these goods for Defendant HMD Trucking Inc. within the course and scope of his employment and/or agency and with the express permission of Defendant HMD Trucking, Inc.

10. At all relevant times, the subject Tractor-Trailer consisted of a 2020 Peterbilt Tractor-Trailer owned by Defendant HMD Trucking Inc. The subject load was being hauled by and under the USDOT authority of Defendant HMD Trucking Inc.

11. Pursuant to 49 C.F.R. §390.21, the subject Tractor-Trailer being driven by Defendant Coles was marked with Defendant HMD Trucking Inc., logo, and the USDOT number issued to Defendant HMD Trucking Inc. by the Federal Motor Carrier Safety Administration ("FMCSA") – USDOT No. 976560. The markings on the Subject Tractor-

Trailer identified Defendant HMD Trucking Inc. as the motor carrier operating the Subject Tractor-Trailer at the time of the Subject Crash.

12. The Subject Tractor-Trailer had a Gross Vehicle Weight Rating ("GVWR") greater than twenty-six thousand and one (26,001) pounds.

13. The Subject Tractor-Trailer is a commercial motor vehicle ("CMV") as that term is defined under state and federal laws.

14. On the date and time of the subject crash, Defendant Coles was operating the Subject Tractor-Trailer heading eastbound on I-270 in Franklin County, Ohio, west of the Alum Creek Drive exit.

15. On this same date and time, Plaintiff was operating her vehicle heading eastbound on I-270, west of the Alum Creek exit with Plaintiff Cody M. McNamee in the passenger seat.

16. At the location in which the subject collision occurred, I-270 Eastbound consists of three through lanes and a separate lane where vehicles can merge into to exit onto Alum Creek Drive on the right side of the freeway.

17. As the McNamees were driving eastbound on I-270 in the rightmost through lane, a vehicle in the Alum Creek Drive exit lane lost control and spun out beside them, forcing Ms. McNamee to apply her brakes to avoid becoming involved with the other vehicle.

18. After Ms. McNamee applied her brakes to avoid the other vehicle, the McNamee vehicle was rear-ended by a tractor-trailer that was following behind them (hereinafter, "First Impact").

19. As a result of the First Impact, the McNamee vehicle was pushed from the rightmost through lane to the center through lane of I-270.

20. The McNamee vehicle became stranded in the center through lane, where the McNamee's activated their flashing hazard lights.

21. After the First Impact, the first tractor-trailer came to a stop in the rightmost lane and partially in the center lane and applied its flashing hazard lights.

22. After the First Impact, other bystanders in vehicles had stopped or slowed to a crawl and applied their flashing hazard lights in the leftmost through lane and left shoulder of I-270.

23. After the First Impact, the McNamee vehicle remained stationary in the center through lane, bracketed by a tractor-trailer in the rightmost lane (and partially in the center lane) and other vehicles in the leftmost lane – with their flashing hazard lights activated to warn any other vehicles of a hazard.

24. The HMD Trucking tractor-trailer, driven by Defendant Cole, was also driving eastbound on I-270, but far behind where the First Impact occurred.

25. Over thirty-five seconds after the First Impact, the HMD Trucking tractor-trailer attempted to split the passenger vehicles on the left and the tractor-trailer on the right (with their hazard flashers activated) in excess of fifty-five (55) miles per hour.

26. The HMD Trucking tractor-trailer collided with the rear of the McNamee vehicle as it was sitting helplessly in the center lane of I-270 surrounded by other vehicles who had activated their warning flashers to warn oncoming vehicles of a hazard ahead.

27. As a direct and proximate cause of Defendants' negligent and reckless conduct, the Plaintiffs suffered serious injuries and other damages.

6

## COUNT I – NEGLIGENCE AND RECKLESSNESS AGAINST DEFENDANT COLES

28. All facts and allegations above are incorporated herein by reference as if restated verbatim.

29. At all relevant times, Defendant Coles had the duties of:

  a. using reasonable care to operate the Subject Tractor-Trailer;

  b. maintaining a proper lookout;

  c. keeping the Subject Tractor-Trailer under proper control;

  d. operating the Subject Tractor-Trailer in a safe manner;

  e. operating the Subject Tractor-Trailer in conformity with all pertinent safe driving procedures and regulations;

  f. refraining from striking other vehicles; and

  g. operating the Subject Tractor-Trailer so as to avoid endangering the safety and lives of others.

30. Defendant Coles breached these duties by his actions on November 22, 2020, when he caused the Subject Tractor-Trailer to collide with the McNamee's vehicle from behind.

31. The actions of Defendant Coles constitute recklessness and/or wanton negligence.

32. The actions of Defendant Coles were so reckless that they constitute a conscious and willful disregard for the life and safety of others, including the Plaintiffs.

33. As a direct and proximate result of Defendant Coles' negligence, gross negligence, recklessness, and wanton negligence, the Plaintiffs suffered serious and permanent injuries, including permanent and substantial physical deformities and other damages.

## COUNT II – VICARIOUS LIABILITY AGAINST HMD TRUCKING INC.

34. All facts and allegations previously alleged in this Complaint are incorporated as if set forth herein verbatim.

35. Defendant HMD Trucking Inc. was the motor carrier for the load that was being driven by Defendant Coles and Defendant HMD Trucking Inc. had retained the right of control over Defendant Coles at all relevant times.

36. At all relevant times, Defendant Coles had a master-servant relationship with Defendant HMD Trucking Inc.

37. The negligence, gross negligence, recklessness, and wanton negligence of Defendant Coles, as set forth in Count I above, were committed within the course and scope of his employment and/or agency with Defendant HMD Trucking Inc.

38. As employer or principal of Defendant Coles, Defendant HMD Trucking Inc. is vicariously liable for the negligence, gross negligence, and/or wanton negligence of Defendant Coles and the damages proximately caused by his actions or inactions.

39. Defendant HMD Trucking Inc. is also vicariously liable for the Subject Crash and the actions of Defendant Coles as the motor carrier for the load that Defendant Coles was hauling, and a statutory employer of Defendant Coles, under FMCSA regulations and/or any leasing arrangements made between the parties.

## COUNT III – DIRECT NEGLIGENCE AGAINST DEFENDANT HMD TRUCKING INC.

40. The facts and allegations above are incorporated herein by reference as if restated verbatim.

41. Defendant HMD Trucking Inc. is in the business of hauling cargo and goods for-hire over the public roadways of the United States in interstate commerce.

8

42. The hauling of cargo and goods for-hire in large tractor-trailers is an activity in which Defendant HMD Trucking Inc. could not legally engage without first obtaining a franchise and authority from the FMCSA.

43. To legally carry out its business, Defendant HMD Trucking Inc. was required to and did obtain a franchise and operating authority from the FMCSA.

44. The operation of large tractor-trailers – like the Subject Tractor-Trailer operated by Defendant Coles – which, when loaded, can weigh upwards of 80,000 pounds, over public highways alongside the motoring public is an inherently dangerous activity and creates an unreasonable risk of harm to other motorists on the public roadways, including Plaintiffs.

45. Pursuant to Ohio law and the FMCSRs, including 49 C.F.R. § 390.11, Defendant HMD Trucking Inc., as the motor carrier for the subject load, had a non-delegable duty to assure that the load was transported in a reasonably safe manner, including compliance with all applicable traffic laws, ordinances, regulations, and other reasonable safety requirements.

46. On or about November 22, 2020, Defendant HMD Trucking Inc.., through its agents, servants, and/or contractors, breached the duties owed to the Ohio public and Plaintiffs, specifically through the negligent and reckless conduct of its hired driver, Defendant Coles, set forth above.

47. As a direct and proximate result of Defendant Coles' negligence, gross negligence, recklessness, and wanton negligence, the Plaintiffs suffered serious and permanent injuries, including a permanent and substantial physical deformity and other damages.

### COUNT IV – PUNITIVE DAMAGES AGAINST BRAD D. COLES AND HMD TRUCKING, INC.

48. The facts and allegations above are incorporated herein by reference as if restated verbatim.

9

49. The actions of Defendant HMD Trucking, Inc. and its driver, Coles, demonstrate a reckless indifference and conscious disregard for the rights and safety Susan McNamee-Miller and Cody McNamee and the rest of the motoring public that has a great probability of causing substantial harm. Plaintiffs demand punitive damages against Defendant Coles and Defendant HMD Trucking, Inc.

WHEREFORE, Plaintiffs, Susan P. McNamee-Miller and Cody M. McNamee, demand judgment against Defendant HMD Trucking Inc., and Brad D. Coles, jointly and severally, for an amount in excess of twenty-five thousand dollars ($25,000.00) for all causes of action in an amount that will fully, fairly, and reasonably compensate the Plaintiffs for their injuries and other damages, as follows:

a. Past and future pain and suffering;

b. Past and future emotional distress, mental anguish, loss of enjoyment of life,

c. Past and future loss of ability to function as a whole person,

d. Past and future medical bills,

e. Past and future lost wages and loss of earning capacity,

f. Permanent damages,

g. Punitive and exemplary damage,

h. Pre- and post-judgment interest and costs,

i. Attorneys' fees,

j. All other such damages in an amount to be determined by the Jury upon proper proof presented at trial, and

k. Such other general or specific relief as may be shown by the evidence in this case.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Travis T. Mohler*
Travis T. Mohler (0083365)
Colombo Law
4016 Townsfair Way, Suite 210
Columbus, Ohio 43219
Phone:	(614) 362-7000
Fax:	(614) 547-6562
travism@colombolaw.com
*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs demand a jury for all triable issues.

*/s/ Travis T. Mohler*
Travis T. Mohler (0083365)
Colombo Law
4016 Townsfair Way, Suite 210
Columbus, Ohio 43219
Phone:	(614) 362-7000
Fax:	(614) 547-6562
travism@colombolaw.com
*Counsel for Plaintiffs*