# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Susan P. McNamee-Miller, *et al.*,

    Plaintiffs,

v.

HMD Trucking, Inc., *et al.*,
c/o Beery & Spurlock Co., LPA

    Defendants.

Case No. 2:22-cv-3389

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Susan P. McNamee-Miller ("Ms. McNamee") and Cody M. McNamee ("Cody"[1], together, "Plaintiffs") sue HMD Trucking, Inc. ("HMD") and Brad Coles ("Coles," together with HMD, "Defendants") for various state-law claims. Compl., ECF No. 2. HMD now moves for partial judgment on the pleadings. Mot., ECF No. 14. For the following reasons, HMD's motion is **GRANTED IN PART**.

### I.    STATEMENT OF FACTS

Ms. McNamee and Cody, mother and son, are residents of Franklin County, Ohio. They allege they were traveling east on Interstate 270 ("I-270") in the early evening of November 22, 2020. As Plaintiffs were traveling in the right-hand lane, another vehicle "spun out beside them, forcing Ms. McNamee to apply

---

[1] Although Ms. McNamee-Miller's name is hyphenated, the Court refers to her as "Ms. McNamee," as that is the name used in the Complaint. Further, the Court refers to Cody McNamee as "Cody" instead of "Mr. McNamee" simply to avoid any possible confusion in the familial relationship between Ms. McNamee and Cody.

her brakes to avoid becoming involved with the other vehicle." Compl. ¶ 17, ECF No. 2. Unfortunately, when Ms. McNamee pressed her brakes, she was rear-ended by a tractor-trailer. *Id.* ¶ 18. That collision pushed Ms. McNamee's car "from the rightmost through lane to the center through lane of I-270." *Id.* ¶ 19.

Finding herself stranded in the center lane, Ms. McNamee activated the hazard lights on her vehicle. *Id.* ¶ 20. The driver of the tractor-trailer that rear-ended Plaintiffs "came to a stop in the rightmost lane and partially in the center lane and applied its flashing hazard lights[,]" too. *Id.* ¶ 21. Other drivers slowed or stopped their vehicles in the left-most lane "with their flashing hazard lights activated to warn any other vehicles of a hazard." *Id.* ¶ 23.

Meanwhile, Coles was driving behind Plaintiffs in a different tractor-trailer, hauling goods for HMD. *Id.* ¶ 9. Coles approached the accident scene more than thirty-five seconds after the accident occurred. *Id.* ¶ 25. Instead of stopping, Coles "attempted to split the passenger vehicles on the left and the tractor-trailer on the right . . . in excess of fifty-five (55) miles per hour." *Id.* ¶ 25.

Coles hit Plaintiffs' vehicle, causing "devastating brain injuries" to Ms. McNamee and "serious spinal fractures with spinal cord compression" to Cody. *Id.* ¶ 26 & Overview.

## II. STATEMENT OF JURISDICTION

The Court has diversity jurisdiction over this removed case.

Ms. McNamee and Cody are citizens of Ohio. Compl. ¶ 1, ECF No. 2. At the time the Complaint was filed, HMD was a for-profit corporation organized

under the laws of, and with its principal place of business in, Illinois. Notice Removal ¶ 2, ECF No. 1. Coles was a citizen of Virginia. Compl. ¶ 3, ECF No. 2; Notice Removal ¶ 2, ECF No. 1.

Plaintiffs' state-court Complaint requests more than $25,000 in damages, but given the extent of the injuries alleged to both Plaintiffs, the federal jurisdictional threshold requirement is satisfied. *See, e.g., Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001) (noting a removing defendant must show by a preponderance of the evidence that a fair reading of the complaint involves damages in excess of $75,000).

### III.   STANDARD OF REVIEW

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted)).

As with a 12(b)(6) motion, a claim survives a motion for judgment on the pleadings if it "contain[s] sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). The court "must construe the complaint in the light most favorable to the [non-moving party." *Engler v. Arnold*, 862 F.3d 571, 574 (6th Cir. 2017). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## IV. ANALYSIS

Plaintiffs sue HMD for vicarious liability (Count II), "direct negligence" (Count III), and punitive damages (Count IV). Compl., ECF No. 2. HMD moves for judgment on the pleadings only as to Counts III and IV. Mot. 1, ECF No. 14.

### A. Direct Negligence Against HMD

In Count III, Plaintiffs allege that both Ohio law and the Federal Motor Carrier Safety Regulations ("FMCSR"), at 49 C.F.R. § 309.11, imposed on HMD a "non-delegable duty to assure that the load was transported in a reasonably

safe manner, including compliance with all applicable traffic laws, ordinances, regulations, and other reasonable safety requirements." Compl. ¶ 45, ECF No. 2. Plaintiffs further allege that HMD breached its duties under both Ohio law and under the FMCSR "through the negligence and reckless conduct of its hired driver, Defendant Coles." *Id.* ¶ 46.

HMD argues that Count III must fail because, to the extent it is based on the breach of a duty imposed by Ohio law, it is duplicative of Plaintiff's claim for vicarious liability for Cole's negligence, which is pled in Count II. Mot. 4–5, ECF No. 14. Further, HMD asserts, there is no independent cause of action for strict liability against a motor carrier for an alleged violation of the FMCSRs. *Id.*

In response, Plaintiffs clarify that Count III does not allege a strict liability claim under the FMCSR. Resp. 4, 7, ECF No. 16. Rather, they assert, Counts II and III are alternative Ohio-law claims against HMD based on vicarious liability: Count II asserts vicarious liability and applies in the event Coles was HMD's employee, and Count III seeks to hold HMD vicariously liable for Cole's breach of HMD's nondelegable duty, in the event Coles was an independent contractor. *Id.*

"Whereas an employer is liable for the negligent acts of its employees committed within the scope of employment, an employer of an independent contractor generally is not liable for the negligent acts of the independent contractor." *Pusey v. Bator*, 94 Ohio St. 3d 275, 278 (Ohio 2002) (citations omitted). There are some exceptions to this general rule that employers are not liable for the negligent acts of their independent contractors, and "several of

[those exceptions] stem from the nondelegable duty doctrine." *Id.* at 279. Under that doctrine, if a nondelegable duty applies, "the employer may delegate the *work* to an independent contractor, but he cannot delegate the *duty*." *Id.* "[I]f the independent contractor's negligence results in a breach of the [nondelegable] duty," the employer is not insulated from liability. *Id.*

Thus, Plaintiffs are correct that Coles' relationship to HMD will be an important factor in this case as it will inform which legal framework governs HMD's potential liability for Coles' actions. The typical "scope of employment" framework will apply if Coles was an employee, and the nondelegable duty framework will apply if Coles was an independent contractor. Indeed, Plaintiffs explain that Counts II and III were pled in the alternative because Plaintiffs were unsure at the time the Complaint was filed whether Coles was an employee or independent contractor of HMD.

HMD's Answer, however, "admit[s] that Brad D. Coles was an employee of HMD Trucking, Inc. and was within the course and scope of his employment/agency at the time of the subject incident." Answer ¶ 23, ECF No. 5; *see also* Reply 3, ECF No. 18 ("Defendant HMD admitted that Defendant Coles was acting within the course and scope of his employment/agency at the time of the subject accident, so that Defendant HMW would be responsible for the purported negligence of Defendant Coles related to his operation of the subject commercial vehicle (the existence of which Defendants specifically deny)."). Despite the Answer's various references to "employment/agency," the

above factual admission that Coles "was an employee of HMD Trucking, Inc." is unambiguous and binding. *Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) ("Factual assertions in pleadings . . . , unless otherwise amended, are considered judicial admissions conclusively binding on the party who made them." (internal quotation marks and citation omitted)). As such, Count III—which was pled only to apply in the event Coles was an independent contractor—can be dismissed without prejudice.[2]

## B. Punitive Damages Against HMD

Count IV seeks punitive damages against both HMD and Cole.

HMD argues that Plaintiffs' "claim"[3] for punitive damages against it must be dismissed because Plaintiffs' Complaint lacks any factual allegations that would, if true, support an award of punitive damages against HMD. Mot. 5–6, ECF No. 14.

---

[2] HMD's reliance on *Baker v. Swift Transp. Co. of Arizona, LLC*, No. 2:17-cv-909, 2018 WL 2088006 (S.D. Ohio May 4, 2018) is misplaced. That case is inapposite because, there, the plaintiff alleged both a vicarious liability claim and a strict liability claim. The *Baker* court dismissed the strict liability claim on the alternative grounds that it, *inter alia*, was duplicative of the existing vicarious liability claim or, to the extent it was not duplicative, was unsupported by the law because the FMCSR's do not contain an independent cause of action for strict liability. *Id.* at 2–3. Here, Plaintiffs clarified they are not seeking any form of strict liability in Count III, and Count III *is* the vicarious liability claim that applies if Coles was an independent contractor. Thus, it is not duplicative of Count II, which was Plaintiffs' vicarious liability claim only in the event Coles was an employee.

[3] The Court notes that "Ohio law does not recognize a stand-alone cause of action for punitive damages." *E.g.*, *Baker*, 2018 WL 2088006 at *5 (citation omitted). Rather, punitive damages are a remedy. Because the Court dismisses Count IV on other grounds, it need not dismiss the "Count" on this ground.

In response, Plaintiffs propose to voluntarily dismiss their "claim" for punitive damages against HMD without prejudice. Resp. 4, ECF No. 16.

HMD acknowledges Plaintiffs' proposal but reiterates its request for a dismissal with prejudice. Reply 1, 4, ECF No. 18.

Based on Plaintiffs' agreement to dismiss Count IV without prejudice, the Court **GRANTS IN PART** this aspect of HMD's motion. Because HMD has shown only that the current Complaint lacks sufficient factual allegations to support an award of punitive damages—not the legal unavailability of the same—Count IV is **DISMISSED WITHOUT PREJUDICE** and only as it relates to HMD.

## V. CONCLUSION

For the above reasons, HMD's motion for partial judgment on the pleadings is **GRANTED IN PART**. Counts III and IV against HMD are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate ECF No. 14 as a pending motion.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**